IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGIL J. HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 2:15cv763-MHT-TFM |
| | ) |
| WHOLE FOODS MARKET, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the Motion for Leave to Proceed *In Forma Pauperis*, (doc. # 2) filed by Plaintiff Virgil J. Hunter ("Hunter") on October 20, 2015, it is

ORDERED that the Motion be and is hereby GRANTED.

On October 20, 2015, Plaintiff filed this action *pro se* against Defendants Whole Foods Market and Marc Mastropaolo, a market employee, asserting a breach-of-contract and/or bad faith claims against the defendants. On November 10, 2015, this court ordered Hunter to show cause why this case should not be dismissed for lack of jurisdiction. Doc. 6. Hunter, however, did not file a response. Upon consideration of the Complaint, the court concludes that this case warrants dismissal.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala.*

*v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based.  This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).  "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings."  *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

Hunter complains that the defendants engaged in bad faith during employment negotiations and/or breached the terms of an employment contract for him to be hired as the manager of a new store in Montgomery, Alabama, with an annual salary of $62,200.00.  His request for relief is the salary he would have received between June and September of 2015.  Hunter's bad faith and/or contract claims arise only under state law; therefore, his claims against the defendants do not rise to the level of a constitutional violation.  *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986);  *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987).  A review of the complaint demonstrates that Hunter does not assert any

viable federal or constitutional claims. Thus, the court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The Complaint indicates that Whole Foods Market is located in Georgia and that Hunter is a citizen of Alabama. It is difficult to discern, however, whether Defendant Mastropaolo resides in Alabama or another state. Nonetheless, it is clear from the face of the complaint that the amount in controversy does not exceed $75,000. "The amount stated in the complaint is itself dispositive of jurisdiction unless it appears or is in some way shown that the amount is not claimed in good faith." *Dassinger v. South Cent. Bell Tel. Co.*, 505 F.2d 672, 673-74 (5th Cir. 1974). Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed R. Civ. P. 12(h)(3) prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the on or before December 18, 2015.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of December, 2015.

       /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE